RICHARD T. BEES, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Bees v. Commissioner
Docket No. 8873-93
United States Tax Court
T.C. Memo 1994-588; 1994 Tax Ct. Memo LEXIS 593; 68 T.C.M. (CCH) 1305; December 1, 1994, Filed *593 Richard T. Bees, pro se. For respondent: Timothy S. Murphy. DEAN
DEAN
MEMORANDUM OPINION DEAN, Special Trial Judge: This case was heard pursuant to the provisions of section 7443A(b)(3) and Rules 180, 181, and 182. [1]
This case is before the Court on respondent's oral motion to dismiss for failure to properly prosecute under Rule 123(b), which, with respect to the addition to tax for fraud, we will treat as an oral motion for default under Rule 123(a). [2]
*594 Respondent determined deficiencies in petitioner's Federal income taxes and additions to tax as follows: Addition to tax
Year
Deficiency
Sec. 6663
1989
$ 428
$ 321
1990
368
276
On the date he filed the petition in this case, petitioner resided in Swartz Creek, Michigan. Respondent timely filed an answer denying petitioner's allegations of error with respect to the foregoing deficiencies and setting forth specific allegations of fraud in support of the additions to tax under section 6663. On June 29, 1994, petitioner was notified that this case was set to be heard during the Court's September 19, 1994, trial session in Detroit, Michigan. At the call of the calendar, petitioner did not appear. [3] In response, respondent made the motion now under consideration. *595 As to the underlying deficiencies, there is no question that respondent should prevail, either on the ground that petitioner has defaulted (or failed to prosecute) by virtue of his nonappearance at trial and/or has failed to carry his burden of proof. Rules 142(a), 123(b); . Accordingly, respondent's determination of deficiencies against petitioner is sustained. As to the additions to tax for fraud, the burden of proof is on respondent, and she must carry that burden by clear and convincing evidence. Sec. 7454(a); Rule 142(b). Nevertheless, where the respondent alleges specific facts in her pleadings that support a finding of fraud, and the taxpayer fails to appear or otherwise proceed with his case, we may hold the taxpayer in default under Rule 123(a) and deem respondent's burden satisfied. ; . Since Mr. Bees failed to appear at the call of the calendar, and has communicated his intent not to further proceed in this matter, we turn to the *596 pleadings for a determination of whether a finding of default is appropriate. Respondent's Answer states in pertinent part that: 7. * * * In support of the determination that a part of the underpayment of tax required to be shown on petitioner's income tax returns for the taxable years 1989 and 1990 is due to fraud, the respondent alleges: (a) Petitioner was an employee of Thermal Systems, Inc. during 1989 and 1990. (b) Petitioner was involved in a scheme with his employer and other employees during this time wherein all overtime compensation was paid in cash. Petitioner would receive his regular compensation by check. (c) Thermal Systems, Inc. prepared Forms W-2 for their employees based upon the amounts paid by check to the employees. The cash amounts paid to the employees, including petitioner, were not included in the Forms W-2 prepared by Thermal Systems, Inc. and provided to the Internal Revenue Service. (d) Most of the employees of Thermal Systems, Inc., admitted that they were paid cash for any overtime worked and that they were aware that these amounts were not included on the Forms W-2 that they received from Thermal Systems, Inc. This scheme was a common practice *597 between Thermal Systems, Inc. and its employees and was understood by all parties involved. (e) The records of Thermal Systems, Inc. indicate that petitioner did receive the amounts as stated in the statutory notice and that these amounts were not included in the petitioner's Form W-2. (f) The petitioner received additional income from Thermal Systems, Inc. for overtime worked in the years 1989 and 1990 in the amount of $ 2,851.00 and $ 2,441.00, respectively which he failed to report in each year's respective income tax return. The petitioner fraudulently understated his taxable income during 1989 and 1990 with the intent to evade the payment of taxes on such income. (g) A part of the underpayment of tax required to be shown on the petitioner's income tax returns for the 1989 and 1990 taxable years is due to fraud.
These well-pleaded facts clearly and convincingly demonstrate that petitioner fraudulently underpaid his income taxes for the taxable years at issue. See (identifying several "badges of fraud" that demonstrate fraudulent intent), affg. . *598 Accordingly, an entry of a default decision in this matter is appropriate, and respondent's determination of the additions to tax for fraud under section 6663 will be sustained. To reflect the foregoing, An appropriate order and decision will be entered. Footnotes
1. Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the years in issue. All Rule references are to the Tax Court Rules of Practice and Procedure.↩
2. In support of her motion to dismiss, respondent cited , affd. . Respondent argued that with respect to the issue of fraud, Smith allowed her to rely on the pleadings to carry her burden of proof. While this is a correct reading of the case, it is not applicable to a motion to dismiss for lack of prosecution under Rule 123(b). Rather, Smith is applicable to a motion for default under Rule 123(a). In accordance with her reliance on Smith↩, we will proceed as if respondent's motion had been for default under Rule 123(a) with respect to the issue of fraud.
3. Petitioner was represented by attorney Brenda Williams until July 28, 1994, when we granted her motion to withdraw as counsel. On September 7, 1994, we held a conference call with John Yiannatjt and Frederick Robinson, two attorneys who advised that they would file an entry of appearance in this case on petitioner's behalf. We were informed by Messrs. Robinson and Yiannatjt that petitioner did not intend to appear at trial, and would not oppose a motion to dismiss for failure to properly prosecute. Although new counsel did not file an entry of appearance, and petitioner is without an attorney of record in this matter, we have no reason to believe that Messrs. Robinson and Yiannatjt were acting other than with petitioner's authority at the time they communicated his intent not to proceed.↩